IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DUANE LAJEUNESSE,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-94-H-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On September 26, 2017, Petitioner Duane Lajeunesse, filed a petition

seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lajeunesse is a state

prisoner proceeding pro se.

## I.     Motion to Proceed In Forma Pauperis

Lajeunesse has applied to proceed in forma pauperis. (Doc. 2). Because

there is no reason to delay this action, Lajeunesse's motion will be GRANTED.

## II.     28 U.S.C. § 2254 Petition

Lajeunesse challenges a criminal conviction handed down in Montana's

First Judicial District Court, Lewis and Clark County, for Criminal Endangerment,

and a revocation sentence handed down in the Sixteenth Judicial District Court,

Custer County. (Doc. 1 at 2-3).[1] Lajeunesse is currently incarcerated at the

Missoula Assessment & Sanction Center (MASC) in Missoula.

Lajeunesse asserts he was held at the Lewis and Clark County Jail

unlawfully, after all of his cases had been closed, while a bed date at MASC was

then available to him. (Doc. 1 at 4, □ 13(A)(i)). Apparently there was an

unresolved bond holding Lajeunesse past the appropriate date; the error was

brought to Lajeunesse's attention by the clerk of district court. *Id.* Lajeunesse

further contends his right to due process was violated because he was never booked

into jail on the probation revocation warrant from Custer County. *Id*. at 5, □

13(B)(i). Finally, Lajeunesse claims an illegal search occurred when his

probation officer searched Lajeunesse's mother's room and discovered weapons.

Lajeunesse apparently did not have access to this room unless his mother was

present. *Id*. at 6.

Lajeunesse advises that none of these claims have been presented to the state

courts via: a direct appeal, a petition for habeas corpus relief, a postconviction

---

[1] In the Lewis and Clark County Case, ADC 2017-146, Lajeunesse was sentenced on June 14, 2017, to a five year
Department of Corrections commitment, with all of the time suspended. See, (Doc. 1 at 3, □4); see also,
https://app.mt.gov/conweb/Offender/46346 (accessed September 27, 2017). Lajeunesse had previously been serving
sentences out of Custer County in Cause No. DC-2010-73. *Id*. Lajeunesse explains that his six-year probationary
sentence there was revoked for the new charges out of Lewis and Clark County and for a dirty urinalysis, being an
unproductive member of society, not keeping a job, possessing a weapon, and committing an assault. (Doc. 1 at 3,
□□3-5).

petition, or any other collateral review. See, (Doc. 1 at 3-4, ☐☐ 6-12; 4, ☐

13(A)(ii-v); 5-7, ☐ 13(B)(ii-v); and 6). Lajeunesse asks this Court to grant his

release and order compensation for the time he spent incarcerated in violation of

his constitutional rights. *Id*. at 8, ☐16.

### i.    Analysis

Lajeunesse's petition should be dismissed because the claims he advances

relative to his current custody have not yet been exhausted in the state court

system. Dismissal should be without prejudice.

As set forth above, in his petition Lajeunesse requests release from custody

and monetary compensation. Mr. Lajeunesse is advised that monetary

compensation is not available via a petition for a writ of habeas corpus.

"Challenges to the validity of any confinement or to particulars affecting its

duration are the province of habeas corpus; requests for relief turning on

circumstances of confinement may be presented in a §1983 action." *Nettles v.*

*Grounds*, 830 F. 3d 922, 927 (9th Cir. 2016)(en banc) cert. denied, 137 S. Ct. 645

(2017). Should Lajeunesse wish to pursue a civil complaint seeking monetary

compensation under the Civil Rights Act, 42 U.S.C. §1983, he must file a separate

action.

Federal courts may not grant a writ of habeas corpus brought by an

individual in custody pursuant to a state court judgment unless "the applicant has

exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

A review of Lajeunesse's petition reveals that although his criminal case and revocation have been resolved, Lajeunesse has not presented any of the claims he advances in his pending petition to the state courts. Even if Lajeunesse could state cognizable constitutional claims at this juncture, it does not relieve him of the burden of first presenting such claims to the state courts. Accordingly, there are still remedies available to Lajeunesse under state law, including extraordinary, direct, and collateral review. Because Lajeunesse has not yet exhausted his

available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Lajeunesse may return to this Court if and when he fully exhausts the claims relative to his current custody in the state courts.

### ii.      Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Lajeunesse has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close

questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

1. Mr. Lajeunesse's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**.

## RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lajeunesse may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Lajeunesse must immediately notify the Court of any change in his</u>

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Lajeunesse is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

mailing address by filing a "Notice of Change of Address."  Failure to do so may

result in dismissal of his case without notice to him.

DATED this 28th day of September, 2017.


*/s/ John Johnston*
John Johnston
United States Magistrate Judge